UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christian Parler            )
                            )
          v.                )    07-CV-4288(JMR/FLN)
                            )
Hood Packaging, Inc.        )


Christian Parler            )
                            )
          v.                )    07-CV-4284(JMR/FLN)
                            )
Adecco                      )

These related matters are before the Court on defendants'
separate motions to dismiss based on the statute of limitations.
In each case, plaintiff, Christian Parler, appearing pro se, filed
Title VII actions.   He sued defendant Hood Packaging, Inc.,
claiming harassment and discrimination.   His claims against Adecco
alleged harassment, discrimination, and retaliation.   Defendants'
motions to dismiss are granted.

I.  <u>Background</u>

Plaintiff was employed by Adecco USA ("Adecco"), a job-
placement agency.   On December 28, 2006, Adecco assigned him to
work at Hood Packaging, Inc. ("Hood"), in Roseville, Minnesota.
His assignment at Hood was terminated on February 16, 2007, six
weeks later.   Plaintiff thereafter filed Title VII charges against
each defendant with the United States Equal Employment Opportunity
Commission  ("EEOC").    He  claimed  he  was  subjected  to
discrimination, harassment, and later retaliation after his

complaints of mistreatment.

The EEOC investigated and dismissed plaintiff's complaints as unsubstantiated.    Prior  to  the  EEOC's  decision,  but  while plaintiff's  complaints  were  pending,  he  moved  from  Minnesota without having obtained a new mailing address.   Plaintiff sent a letter dated July 9, 2007, and claims he called the EEOC saying he had no mailing address, but that he could be reached by cell phone.

After  its  finding  of  no  probable  cause,  the  EEOC  issued  its Notice of Right to Sue ("Notice") dated July 13, 2007.   The Notice told plaintiff of the dismissal, and notified him of his right to further pursue his claims in federal district court.   The EEOC's Notice was sent to Stanley, Wisconsin, the address plaintiff had initially provided.

Plaintiff  claims  he  received  the  Notice  on  July  27,  2007, after it was forwarded from the Wisconsin address to plaintiff's newly-established Colorado address.   Plaintiff filed these pro se actions on October 18, 2007.

Defendants claim plaintiff's cases were untimely filed beyond the  statute  of  limitations.   Defendants  ask  the  Court  to  dismiss the  actions,  pursuant  to  Rule  12(b)(6)  of  the  Federal  Rules  of Civil Procedure ("Fed. R. Civ. P"), for failure to state a claim upon which relief may be granted.  Plaintiff counters that he wrote the EEOC a letter, dated July 9, 2007, informing it he was moving and  was  no  longer  living  at  his  previously  submitted  Stanley,

Wisconsin address.   His letter called the Wisconsin address his
"non-residential mailing address," and gave no other address to
which correspondence could be directed.   He also claims he wrote
the EEOC a letter, dated July 18, 2007, informing the Commission of
a new Colorado mailing address.

II.   <u>Analysis</u>

The Court construes the facts in the light most favorable to
plaintiff, <u>Vainer v. Peterson Farms</u>, 371 F.3d 1011, 1016 (8th Cir.
2004), and relies only on facts contained in the complaint in
reaching its decision.   Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), a case can be dismissed for failure to
meet a statute of limitations if it appears from the face of the
complaint that the statute of limitations has run.   <u>Vainer</u>, 371
F.3d at 1016.   A Title VII claim must be filed within 90 days of
receipt of the EEOC's Notice of Right to Sue.   42 U.S.C. § 2000e-
5(f)(1).   Claims filed thereafter are time barred.   <u>Williams v.
Thomson Corp.</u>, 383 F.3d 789, 790 (8th Cir. 2004).

The 90-day period begins to run from the day the Notice is
received at the most recent address provided to the EEOC.   <u>Hill v.
John Cazique Imports</u>, 869 F.2d 1122, 1124 (8th Cir. 1989).   Absent
a challenge, a court presumes the letter was mailed on the date
shown on the notice and received three days after mailing.   <u>Baldwin
County Welcome Center v. Brown</u>, 466 U.S. 147, 148 n.1 (1984).

The EEOC's Notice is dated July 13, 2007. Following the presumptions specified above, the letter was received at the Wisconsin address on July 16, 2007. Absent evidence to the contrary, the statute of limitations began to run on July 16, 2007, and ended 90 days later - October 15, 2007.

Plaintiff does not challenge the EEOC mailed its Notice of Right to Sue on July 13, 2007, nor that the Notice presumptively arrived at the Wisconsin address on July 16, 2007, three days later. He claims, instead, that in light of his July 9, 2007, correspondence saying he no longer lived at the Wisconsin address, the EEOC should not have sent correspondence to that address or should have called him. His argument is unavailing.

The law provides that the statute of limitations begins to run upon receipt of the Notice at the most recent address provided to the EEOC. See Hill, 869 F.2d at 1124. It is incumbent upon an EEOC complainant to provide a current address to the Commission. Plaintiff's July 9, 2007, letter claims the Wisconsin address is a "non-residential mailing address." Neither the law, nor any regulation cited by plaintiff recognizes the concept of a non-residential mailing address. See 42 U.S.C. § 2000e-5. The Wisconsin address was the last one provided by plaintiff, and that is where mailings were to be sent. Plaintiff admits he did not give the EEOC his Colorado address until July 18, 2007, five days after the EEOC mailed its Notice.

While, perhaps, facially appealing, the Court cannot credit plaintiff's theory that either his letter indicating Wisconsin was no longer a mailing address, or his claimed call to the EEOC saying they should call his cell phone must extend Congress's statute of limitations.  As an initial matter, if the Court allowed a party to write a letter saying an old address was no longer a place to mail notices pending a new location, it would perversely place the limitations period in plaintiff's own hand.  Imagine the plaintiff writes a letter, and does not take a few weeks to find a new address, but takes a year.  If plaintiff's position were accepted, the statute would not begin to run until he notified the EEOC of his new location - if he chose to write the EEOC at all.

Similarly, his claimed telephone call, saying the EEOC could call him, does not satisfy the limitations requirement.  The Commission operates under carefully crafted statutes and regulations.  The written notice requirement provides a recognized, verifiable record of the Commission's decisions.  A telephone call to plaintiff does not provide these protections to a potential defendant.  There would be no proper and cognizable record upon which a putative defendant could rely in availing itself of the limitations period Congress has written into the law.

The Court well-recognizes that this statute of limitations may be equitably tolled when a late-filing is due to exceptional circumstances "truly beyond the control of the plaintiff."  Hill,

869 F.2d at 1124. This is not such a case. Plaintiff's voluntary travels and change of address are not such circumstances. <u>See</u> <u>Williams</u>, 383 F.3d at 791; <u>Hill</u>, 869 F.2d at 1124. Plaintiff's move is solely his decision. His wish or assumption that a letter or call would obviate the statute of limitations is, again, his own. Nor does plaintiff's pro se status warrant a loose construction of the statute of limitations or an application of equitable tolling. <u>See</u> <u>Than v. Minn. Dept. Of Transp.</u>, 06-CV-108, 2006 WL 2917037, at *3 (D. Minn. Oct. 11, 2006). The Court finds no basis to equitably toll the time limitation set by Congress.

Accordingly, the Court finds, based on the information in the Complaint, and absent evidence to the contrary: (1) the EEOC's Notice was received on July 16, 2007; (2) the statute of limitations expired on October 15, 2007; and (3) plaintiff's claims, filed October 18, 2007, are, therefore, time-barred.

III. <u>Conclusion</u>

For these reasons, defendants' motions for dismissal [Case No. 07-CV-4288, Docket No. 12; Case No. 07-CV-4284, Docket No. 11] are granted.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

6

Dated:   June 4, 2008


                                        s/James M. Rosenbaum
                                        JAMES M. ROSENBAUM
                                        United States Chief District Judge